UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| WEBSTERNT LLC, | No. 1-24-11436 |
| Debtor. | Hon. Carl L. Bucki |
| WEBSTERNT LLC, | |
| Plaintiff, | |
| | Adv. Pro. No. 1-25-01022-CLB |
| | **ANSWER** |
| -against- | |
| ALLEN M. LOWY, | |
| Defendant. | |
| ALLEN M. LOWY, | |
| Third-Party Plaintiff, | |
| -against- | |
| RALPH DAILEY, | |
| Third-Party Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES, COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff Allen M. Lowy ("Mr. Lowy"), an attorney admitted to practice in the State of New York, acting *pro se*, as and for his Answer, Affirmative Defenses, Counterclaims, against Plaintiff WEBSTERNT LLC ("WebsterNT", "WNT", "Debtor" or "WNT/Debtor") and Third-Party Complaint against Third-Party Defendant Ralph Dailey ("Dailey"), states as follows:

1. Denies the allegations in ¶1 of the Complaint.

2.    Admits that Plaintiff is seeking the relief set forth in ¶2 of the Complaint and denies that Plaintiff is entitled to such relief.

3.    Admits the allegations in ¶3 of the Complaint but denies that Plaintiff is entitled to such relief.

4.    Denies that Plaintiff is entitled to any of the relief set forth in ¶4 of the Complaint.

5.    Admits allegation of ¶5 of the Complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶6 of the Complaint.

7.    States that no response is required to the allegations in ¶7 of the Complaint as such allegations state conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations and respectfully refers all questions of law to the Court for resolution.

8.    States that no response is required to the allegations in ¶8 of the Complaint as such allegations state conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations and respectfully refers all questions of law to the Court for resolution.

9.    Admits the allegations in ¶9 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶10 of the Complaint.

11.    Admits the allegations in ¶11 of the Complaint.

12.    Admits the allegations in ¶12 of the Complaint.

13.    States that the allegations set forth in ¶13 of the Complaint set forth legal conclusions as to which no response is required, but to the extent a response is required, denies and respectfully refers all questions of law to the Court for resolution.

14. States that the allegations set forth in ¶14 of the Complaint set forth legal conclusions as to which no response is required but to the extent a response is required, denies and respectfully refers all questions of law to the Court for resolution.

15. States that the allegations set forth in ¶15 of the Complaint set forth legal conclusions as to which no response is required.

16. Admits the allegations in ¶16 of the Complaint.

17. States that the allegations set forth in ¶17 of the Complaint set forth legal conclusions as to which no response is required, but to the extent a response is required, denies and respectfully refers all questions of law to the Court for resolution.

18. Admits the allegations in ¶18 of the Complaint.

19. Admits the allegations in ¶19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶21 of the Complaint.

22. Admits the allegations in ¶22 of the Complaint and respectfully refers the Court to the documents referred to therein for their full terms, meaning and effect thereof.

23. Admits the allegations in ¶23 of the Complaint.

24. Admits the allegation in ¶24 of the Complaint.

25. Admits the allegation in ¶25 of the Complaint.

26. Admits the allegation in ¶26 of the Complaint with regard to the fact that WebsterNT has engaged in the development and rehabilitation of the property but denies knowledge or information sufficient to form a belief as to the truth of the allegation that WebsterNT has engaged in utilizing portions of the North Tonawanda Building to pursue entrepreneurial opportunities.

27. Admits the allegations in ¶27 of the Complaint.

28. Admits, upon information and belief, the allegations in ¶28 of the Complaint.

29. Denies the allegations in ¶29 of the Complaint.

30. Admits, upon information and belief, the allegations in ¶30 of the Complaint.

31. Admits the allegations in ¶31 of the Complaint.

32. Admits the allegations in ¶32 of the Complaint.

33. Admits the allegations in ¶33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶34 of the Complaint.

35. Admits, upon information and belief, the allegation in ¶35 of the Complaint.

36. Admits the allegation in ¶36 of the Complaint.

37. Denies the allegations in ¶37 of the Complaint.

38. Denies the allegations in ¶38 of the Complaint.

39. Denies the allegations in ¶39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in ¶42 of the Complaint.

43. Denies the allegations in ¶43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in ¶44 of the Complaint.

45. Denies the allegations in ¶45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶46 of the Complaint except admits that the space is leased to another entity.

47.     Admits the allegations in ¶47 of the Complaint and respectfully refers the Court to such documents for terms thereof.

48.     Admits the allegations in ¶48 of the Complaint.

49.     Denies the allegations in ¶49 of the Complaint.

50.     Admits the allegations in ¶50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the allegations in ¶51 of the Complaint, except admits that the loan is not repaid.

52.     Denies the allegations in ¶52 of the Complaint but admits that Defendant executed an Affidavit of Confession of Judgment in his favor for the sum of $1,455,718.

53.     Denies the allegations in ¶53 of the Complaint, except admits that Defendant caused the Lowy COJ Affidavit to be filed with the New York State Supreme Court, County of Erie, in the action titled *Lowy v. WebsterNT, LLC, No. 814518/2022*.

54.     Admits the allegations in ¶54 of the Complaint and respectfully refers the Court to such documents for terms thereof.

55.     Admits the allegations in ¶55 of the Complaint and respectfully refers the Court to such documents for terms thereof.

56.     Admits the allegations in ¶56 of the Complaint and respectfully refers the Court to such documents for terms thereof.

57.     Admits the allegations in ¶57 of the Complaint and respectfully refers the Court to such documents for terms thereof.

58.     Denies the allegations in ¶58 of the Complaint.

59.     Denies the allegations in ¶59 of the Complaint but admits to knowing about the proceeding stated in ¶59a of the Complaint.

60.     Denies the allegations in ¶60 of the Complaint.

61. Admits to having commenced the action titled *Lowy v. Dailey* No. 654612/2022 (the "State Court Litigation") in ¶61 of the Complaint but denies the other allegations of ¶61 of the Complaint.

62. Admits the allegations in ¶62 in the Complaint.

63. Admits the allegations in ¶63 of the Complaint.

64. Admits the allegations in ¶64 of the Complaint and respectfully refers the Court to such documents for terms thereof.

65. Admits the allegations in ¶65 of the Complaint.

66. Admits the allegations in ¶66 of the Complaint.

67. Admits the allegation in ¶67, that Dailey filed a demand for complaint in the State Court Litigation but denies the other allegations in ¶67.

68. Admits the allegation in ¶68 of the Complaint that Defendant filed a new motion for default judgment and respectfully refers the Court to such documents for terms thereof but denies that such motion was in response to Dailey filing a demand for complaint.

69. Denies the allegations in ¶69 of the Complaint.

70. Admits the allegation in ¶70 of the Complaint.

71. Admits the allegations in ¶71 of the Complaint.

72. Denies the allegations in ¶72 of the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶73 of the Complaint.

74. Denies the allegations in ¶74 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in ¶75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in ¶76 of the Complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in ¶77 of the Complaint.

78. Denies the allegation in ¶78 of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in ¶79 of the Complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶80 of the Complaint.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶81 of the Complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶82 of the Complaint and respectfully refers the Court to such documents for terms thereof.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶83 of the Complaint and respectfully refers the Court to such documents for terms thereof.

84. Denies the allegations in ¶84 of the Complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in ¶85 of the Complaint.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶86 of the Complaint.

87. Admits the allegations in ¶87 of the Complaint.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶88 of the Complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶89 of the Complaint.

90. Denies the allegations in ¶90 of the Complaint.

91. Denies the allegations in ¶91 of the Complaint but admits that Defendant served Coffee & Stone with a restraining notice.

92. Denies the allegations in ¶92 of the Complaint.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶93 of the Complaint, except admits, upon information and belief, that a receiver was not approved.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶94 of the Complaint.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in ¶95 of the Complaint.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶96 of the Complaint.

97. Denies the allegations in ¶97 of the Complaint.

98. Denies the allegations in ¶98 of the Complaint.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶99 of the Complaint.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶100 of the Complaint.

101. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶101 of the Complaint.

102. Denies the allegation in ¶102 of the Complaint.

103. Denies the allegation in ¶103 of the Complaint.

104. Denies the allegation in ¶104 of the Complaint.

105. Denies the allegation in ¶105 of the Complaint.

106. Denies the allegation in ¶106 of the Complaint.

Case 1-25-01022-CLB,    Doc 12,    Filed 06/16/25,    Entered 07/08/25 15:56:08,
Description: Main Document  , Page 8 of 28

107. Denies each and every allegation in ¶107 of the Complaint.

108. Denies each and every allegation in ¶108 of the Complaint.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in ¶109 of the Complaint.

110. Denies the allegations in ¶110 of the Complaint.

111. Denies the allegations in ¶111 of the Complaint.

112. Denies the allegations in ¶112 of the Complaint.

113. Denies the allegations in ¶113 of the Complaint.

114. Denies the allegations in ¶114 of the Complaint.

115. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶115 of the Complaint.

116. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶116 of the Complaint.

117. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶117 of the Complaint.

118. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶118 of the Complaint.

119. Denies the allegation in ¶119 of the Complaint.

120. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶120 of the Complaint.

121. Denies the allegation in ¶121 in the Complaint.

122. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶122 of the Complaint.

123. Admits that CNB was granted a judgment of foreclosure and sale in the foreclosure procedure but denies each and every other allegation in ¶123 of the Complaint.

124. Admits the allegation in ¶124 of the Complaint.

125. Admits the allegation in ¶125 of the Complaint and respectfully refers the Court to such documents for terms thereof.

126. Denies the allegations in ¶126 of the Complaint.

127. Admits the allegations in ¶127 of the Complaint.

128. Admits the allegations in ¶128 of the Complaint and respectfully refers the Court to such documents for terms thereof.

129. Admits the allegations in ¶129 of the Complaint.

130. Admits the allegations in ¶130 of the Complaint.

131. Admits the allegations in ¶131 of the Complaint.

132. Admits the allegations in ¶132 of the Complaint.

133. Admits the allegations in ¶133 of the Complaint.

134. Admits that the Debtor sought replacement financing, but denies the other allegations in ¶134 of the Complaint.

135. Denies the allegations in ¶135 of the Complaint.

136. Denies the allegations in ¶136 of the Complaint.

137. Denies the allegations in ¶137 of the Complaint which purport as written to state conclusions of law and not facts and thus requires no response.

138. Denies the allegations in ¶138 of the Complaint.

139. Repeats and realleges the answers previously provided hereinbefore with respect to ¶¶1-138 of the Complaint.

140. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶140 of the Complaint.

141. Denies the allegations in ¶141 of the Complaint which purport as written to state conclusions of law and not facts and thus requires no and respectfully refers all questions of law to the Court for resolution.

142. Denies the allegations in ¶142 of the Complaint which purport as written to state conclusions of law and not facts and thus requires no response and respectfully refers all questions of law to the Court for resolution.

143. Denies the allegations in ¶143 of the Complaint.

144. Denies the allegations in ¶144 of the Complaint.

145. Repeats and realleges the answers previously provided hereinbefore with respect to ¶¶1-144 of the Complaint.

146. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶146 of the Complaint.

147. Denies the allegations in ¶147 of the Complaint which purport as written to state conclusions of law and not facts and thus requires no response and respectfully refers all questions of law to the Court for resolution.

148. Denies the allegations in ¶148 of the Complaint which purport as written to state conclusions of law and not facts and thus requires no response and respectfully refers all questions of law to the Court for resolution.

149. Denies the allegations in ¶149 of the Complaint.

150. Denies the allegations in ¶150 of the Complaint.

151. Denies the allegation in ¶151 of the Complaint.

152. Denies the allegations in ¶152 of the Complaint.

153. Denies the allegations in ¶153 of the Complaint.

154. Repeats and realleges the answers previously provided hereinbefore with respect to ¶¶1-153 of the Complaint.

155. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶155 of the Complaint.

156. Denies the allegations in ¶156 of the Complaint which purport as written to state conclusions of law and not facts and thus requires no response and respectfully refers all questions of law to the Court for resolution.

157. Denies the allegations in ¶157 of the Complaint which purport as written to state conclusions of law and not facts and thus requires no response and respectfully refers all questions of law to the Court for resolution.

158. Denies the allegations in ¶158 of the Complaint which purports as written to state conclusions of law and not facts and thus requires no response.

159. Denies the allegations in ¶159 of the Complaint.

160. Denies the allegations in ¶160 of the Complaint.

161. Denies the allegations in ¶161 of the Complaint.

162. Denies the allegations in ¶162 of the Complaint.

163. Denies the allegations in ¶163 of the Complaint.

164. Repeats and realleges the answers previously provided hereinbefore with respect to ¶¶1-163 of the Complaint.

165. Admits the allegations in ¶165 of the Complaint.

166. Admits the allegations in ¶166 of the Complaint.

167. States that the allegations set forth in ¶167 of the Complaint set forth legal conclusions as to which no response is required, but to the extent a response is required, denies and respectfully refers all questions of law to the Court for resolution.

168. Denies the allegations in ¶168 of the Complaint which purport as written to state a conclusion of law and not a fact and thus requires no response.

169. Denies the allegations in ¶169 of the Complaint which purport as written to state a conclusion of law and not a fact and thus requires no response.

170. Denies the allegations in ¶170 of the Complaint.

171. Denies the allegations in ¶171 of the Complaint.

172. Denies the allegations in ¶172 of the Complaint.

173. Denies the allegations in ¶173 of the Complaint.

174. Denies the allegations in ¶174 of the Complaint.

175. Denies the allegations in ¶175 of the Complaint.

176. Repeats and realleges the answers previously provided hereinbefore with respect to ¶¶1-175 of the Complaint.

177. Denies the allegations in ¶177 of the Complaint.

178. Repeats and realleges the answers previously provided hereinbefore with respect to ¶¶1-177 of the Complaint.

179. Denies the allegations in ¶179 of the Complaint.

180. Denies the allegations in ¶180 of the Complaint.

181. Repeats and realleges the answers previously provided hereinbefore with respect to ¶¶1-180 of the Complaint.

182. Denies the allegations in ¶182 of the Complaint.

183. Denies the allegations in ¶183 of the Complaint.

184. Denies the allegations in ¶184 of the Complaint.

185. Denies the allegations in ¶185 of the Complaint.

186. Denies the allegations in ¶186 of the Complaint.

187. Repeats and realleges the answers previously provided hereinbefore with respect to ¶¶1-186 of the Complaint.

188. Denies the allegations in ¶188 of the Complaint.

189. Denies the allegations in ¶189 of the Complaint.

190. Denies the allegations in ¶190 of the Complaint.

191. Repeats and realleges the answers previously provided hereinbefore with respect to ¶¶1-190 of the Complaint.

192. Denies the allegations in ¶191 of the Complaint.

193. Denies the allegations in ¶192 of the Complaint.

194. Repeats and realleges the answers previously provided hereinbefore with respect to ¶¶1-193 of the Complaint.

195. Denies the allegations in ¶195 of the Complaint.

196. Denies the allegations in ¶196 of the Complaint.

197. Denies each and every allegation in ¶197 of the Complaint.

198. Denies the allegations in ¶198 of the Complaint.

199. Denies the allegations in ¶199 of the Complaint.

200. No response is required with respect to ¶200 of the Complaint.

201. No response is required with respect to ¶201 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

202. The Complaint fails to state a cause of action on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

203. Mr. Lowy acted in good faith and with honesty at all times.

## AS AND FOR A
## FIRST COUNTERCLAIM AGAINST PLAINTIFF/DEBTOR

204. On or about November 29, 2022, a judgment was entered by the Supreme Court of the State of New York, New York County, pursuant to which Mr. Lowy was granted a judgment in the amount of $1,455,718.00 (the "Judgment") for monies advanced to the Debtor from August, 2018 – June 2022 (Complaint Exhibit L).

205. A schedule of the principal amounts of the advances made by Lowy to the Debtor at Dailey's request are annexed to the Complaint (Complaint Exhibit I).

**206.** On or about January 27, 2025, Mr. Lowy filed a Proof of Claim in the amount of $1,455,718.00 based on the Judgment (Complaint Exhibit L).

207. Mr. Lowy is entitled to an entry of an order declaring that the indebtedness due him is allowed and the Proof of Claim is allowed in the amount thereof.

## AS AND FOR A
## THIRD-PARTY COMPLAINT AGAINST RALPH DAILEY

### Background

208. During 2018, Third-party Defendant Ralph Dailey told Mr. Lowy that he intended to purchase and develop property located at 54-60 Webster Street, North Tonawanda, New York 14120 (the "Property") and that he wanted Mr. Lowy's financial help to do so.

209. Mr. Lowy began to provide Dailey with the funds necessary to do so. In total, Mr. Lowy provided or advanced to Dailey no less than $1,395,000 in connection with the acquisition, development, and/or operation of the Property.

210. Dailey purchased the property under WebsterNT LLC ("WNT/Debtor"), a limited liability company.

211. In order to secure the huge amounts of money Mr. Lowy had provided Dailey, Dailey added Mr. Lowy as a 50% member of WNT/Debtor with exactly the same rights as Dailey in WNT/Debtor and to operate and manage WNT/Debtor (See Complaint Exhibit A).

212. Between August 2018 and June 2022, Mr. Lowy provided Dailey $1,395,000 which Dailey purportedly was using for the Property.

213. Mr. Lowy had wired the monies to bank account(s) of WNT/Debtor.

214. All WNT/Debtor accounts were exclusively controlled by Dailey.

Case 1-25-01022-CLB,   Doc 12,   Filed 06/16/25,   Entered 07/08/25 15:56:08,
Description: Main Document  , Page 15 of 28

215. Dailey confirmed having received $1,395,000 from Mr. Lowy in an email and attachment to Mr. Lowy in a "Lowy Capital Statement" document prepared by Dailey.

216. The "Lowy Capital Statement" itemized every individual amount of the total $1,395,000 which Mr. Lowy had sent to WNT/Debtor.

217. Notwithstanding that Dailey used the term "Capital Statement", many of the advances were intended to be and were in fact, loans to WNT/Debtor.

218. Mr. Lowy asked Dailey to explain how his money was used and if Dailey indeed used it for the Property.

219. Mr. Lowy requested Dailey numerous times to provide him with specific financial and other information about the Property. However, Dailey refused.

220. Indeed, Mr. Lowy emailed Dailey on September 14, 2022 requesting Dailey to provide him with specific information regarding the use of the monies he sent. For example, Mr. Lowy asked Dailey to provide financial information including bank statements, and correspondences with third parties with whom Dailey was allegedly doing business with using Mr. Lowy's monies.

221. Mr. Lowy also requested Dailey to allow him to communicate with such third parties and to be copied on all communications with them.

222. Dailey refused to comply with all of these requests.

223. Dailey refused to provide Mr. Lowy with access to bank accounts of WNT/Debtor.

224. Mr. Lowy discovered that Dailey, upon receiving monies which Mr. Lowy transferred to the WNT account(s), regularly transferred the monies from the WNT/Debtor account(s) to Dailey's own private and personal account(s) without Mr. Lowy's knowledge.

225. Mr. Lowy asked Dailey to provide him with account information of those accounts. However, Dailey refused to provide any such information.

226. Mr. Lowy confronted Dailey and asked him why he had been transferring WNT/Debtor monies to his personal accounts. Dailey replied that "this is the way business is done these days".

227. Upon information and belief, Dailey withdrew cash from WNT/Debtor's accounts which was supposed to be used for the WNT/Debtor without explanation or documentation.

228. Upon information and belief, Dailey used funds Mr. Lowy had sent WNT/Debtor for his personal travel, dining, and other expenses.

229. Dailey refused to account to Mr. Lowy for all of the monies which Mr. Lowy wired to WNT/Debtor.

230. Dailey falsified or concealed financial records to hide his misappropriation of WNT/Debtor funds.

231. Dailey created false or misleading personal and WNT/Debtor financial records, statements, and other documents, which he provided to lenders, prospective lenders, banks and government agencies, and non-profits, in order to induce each to provide money to WNT/Debtor.

232. Dailey intentionally delayed, refused or neglected to pay the mortgage on the property resulting in foreclosure.

233. Dailey unlawfully used social security numbers and other personal information of unsuspecting individuals, including employees, to fraudulently obtain loans from banks and other financial institutions for his own personal use.

234. Upon information and belief, Dailey ignored tax and regulatory obligations, putting WNT/Debtor and Mr. Lowy at legal and financial risk.

235. Dailey neglected to perform critical work on the property causing significant financial harm.

236. Dailey intentionally delayed project milestones to cover up misuse of funds.

237. Daily intentionally withheld payments to suppliers, contractors, and employees, and other third-parties, harming the company's reputation and its ability to do business.

238. Dailey refused to allow Mr. Lowy to enter the property.

239. Dailey refused to consult with Mr. Lowy when he contracted with third parties in business relating to WNT/Debtor such as government and government affiliated agencies, tenants, prospective tenants, contractors, vendors, accountants, lawyers and others.

240. Dailey refused to allow Mr. Lowy access to information concerning any such third party.

241. Dailey refused to provide Mr. Lowy with agreements with any such third parties.

242. By way of only a few examples:

243. Dailey, and counsel he had retained to represent WNT/Debtor, refused to provide Mr. Lowy with a purported lease in the property for a Mexican restaurant.

244. Without ever advising Mr. Lowy, Dailey placed ownership of the Mexican restaurant in his daughter's name.

245. Dailey retained lawyers for WNT/Debtor and refused to provide Mr. Lowy with copies of any retainer agreements or fees paid to such lawyers.

246. Dailey retained other professionals for WNT/Debtor and refused to provide Mr. Lowy with copies of any related agreements or fees paid to such professionals.

247. Dailey contracted with Lumber City Development Corporation ("LCDC"), a non-profit local development corporation committed to assisting businesses in North Tonawanda, New York, to provide grants and loans to WNT/Debtor for the purpose of the development of the property.

248. Because Dailey complained to Mr. Lowy that LCDC was slow in providing funds to WNT/Debtor pursuant to its commitments, he asked if Mr. Lowy would be able to provide WNT/Debtor with a short-term bridge loan.

249. Mr. Lowy agreed to provide WNT/Debtor with a $150,000 bridge loan.

250. On May 16, 2022 Mr. Lowy and WNT/Debtor entered into a loan agreement whereby Mr. Lowy would loan WNT/Debtor $150,000.00 on a short-term basis (Complaint Exhibit C).

251. According to the agreement, the loan was to be repaid, the earlier of, from funds received by WNT/Debtor from either the next proceeds received by WNT/Debtor T from LCDC or by August 15, 2022.

252. Mr. Lowy wired $150,000 to the account of WNT/Debtor pursuant to the loan agreement.

253. Despite Mr. Lowy's repeated requests regarding information as to the receipt of funds from LCDC, Dailey refused to provide Plaintiff with any such information.

254. Dailey refused to provide or allow Mr. Lowy access to all correspondence with LCDC such as emails, letters and agreements.

255. Although requested by Mr. Lowy, Dailey refused to copy Mr. Lowy on all correspondence with LCDC.

256. Mr. Lowy communicated with LCDC directly and provided LCDC with documentation that showed he was an equal partner in WNT/Debtor.

257. Mr. Lowy advised LCDC staff to copy him on all correspondence and communications with Mr. Dailey and others regarding WNT/Debtor.

258. During the fall of 2022 Mr. Lowy met with LCDC staff in their offices and again provided LCDC with documentation that showed he was an equal partner in WNT/Debtor.

259. At the meeting Mr. Lowy again advised LCDC staff to copy him on all correspondence and communications with Mr. Dailey and others regarding WNT/Debtor.

260. During the meeting, LCDC staff advised Mr. Lowy that LCDC had weeks earlier wired more than $200,000 to WNT/Debtor pursuant to LCDC's agreement(s) with WNT/Debtor.

261. According to the LCDC staff, WNT/Debtor received these LCDC funds during July 2022.

262. Dailey heard about Mr. Lowy's meeting with LCDC staff and immediately became incensed, in particular, regarding that LCDC advised Mr. Lowy that it had previously wired the funds to WNT/Debtor.

263. Dailey told Mr. Lowy that he was "ruining" his relationship with LCDC.

264. Immediately after Mr. Lowy's visit to LCDC, Dailey instructed LCDC to not communicate with Mr. Lowy or provide Mr. Lowy with any information concerning Dailey or WNT/Debtor.

265. LCDC heeded Dailey's request.

266. Dailey neither informed Mr. Lowy that he received the LCDC funds, nor did he send Mr. Lowy the $150,000 as he was obligated to do upon receipt of the LCDC funds - or by the August 15, 2022 deadline, for that matter - pursuant to the loan agreement.

267. In fact, Dailey refused to even discuss the matter with Mr. Lowy.

## AS AND FOR A FIRST CAUSE OF ACTION
## (FOR FRAUD AS AGAINST THIRD-PARTY DEFENDANT RALPH DAILEY

268. Mr. Lowy repeats and realleges each allegation set forth hereinbefore as if fully set forth herein.

269. Dailey engaged in intentionally fraudulent conduct, knowingly and intentionally inducing Lowy to provide no less than $1,395,000 for the property knowing it would never be repaid.

270. Dailey intended to cause Mr. Lowy to rely on his misrepresentations.

271. Mr. Lowy reasonably relied upon Dailey's misrepresentations by providing no less than $1,395,000 for the property.

272. Due to Dailey's misrepresentations, together with Mr. Lowy's reliance on such misrepresentations, Mr. Lowy has suffered financial and other damages for which Plaintiff seeks monetary damages in an amount to be determined at trial.

273. Dailey's misrepresentation in agreeing to repay Mr. Lowy's $150,000 bridge loan was material to Mr. Lowy's decision to lend WNT $150,000.

274. Mr. Lowy reasonably relied upon Dailey's misrepresentation by lending WNT the amount of $150,000.

275. Despite Mr. Lowy's repeated requests for the repayment of the monies he transferred to WNT, Dailey failed to do so resulting in the perpetrated fraud on Mr. Lowy.

276. Dailey made material misrepresentations of fact — i.e. that he was legitimately using Mr. Lowy's monies for the development of the property and that he would satisfy all monetary obligations in connection with Mr. Lowy's money.

277. At the time he made said misrepresentations, Dailey knew them to be false. Upon information and belief, Dailey knowingly made said misrepresentations for the purpose of causing Mr. Lowy to agree to transferring so much money to develop the property.

278. Due to Dailey's fraudulent and deceitful misrepresentations, together with Mr. Lowy's reliance on such misrepresentations, inasmuch as the monies which Mr. Lowy transferred to WNT for the development of the property were improperly used, Mr. Lowy has suffered financial and other damages for which Plaintiff seeks monetary damages in an amount to be determined at trial.

279. By reason of the foregoing, Dailey is indebted to Mr. Lowy in a sum to be determined at trial, but in no event less than $1,395,000.

280. Further, as Dailey's fraudulent actions were done intentionally and knowingly with complete indifference to Mr. Lowy's rights, in addition to a repayment of the full amount of the monies Mr. Lowy transferred to WNT, Mr. Lowy seeks punitive damages in an amount to be determined at trial.

281. By reason of the foregoing, Mr. Lowy is also entitled to recovery against Dailey for punitive damages for fraud in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
## (FOR MISREPRESENTATION AS AGAINST THIRD-PARTY DEFENDANT DAILEY)

282. Mr. Lowy repeats and realleges each allegation set forth hereinbefore as if fully set forth herein.

283. As is set out above, Dailey entered into a special relationship with Mr. Lowy.

284. By virtue of said special relationship, Dailey owed Mr. Lowy the duty to impart correct information to him.

285. Notwithstanding the existence of that duty, Dailey made material misrepresentations to Mr. Lowy. Specifically, Dailey falsely represented that he would successfully develop the property, which he would thereafter use as collateral for refinancing, renting, or selling the property, and repay Mr. Lowy all of the money he provided for the property.

286. Mr. Lowy was damaged as a result of Dailey's fraudulent and deceitful misrepresentations, inasmuch as the monies which Mr. Lowy transferred for purposes of the development of the property were improperly used.

287. By reason of the foregoing, Dailey is indebted to Mr. Lowy in a sum to be determined at trial, but in no event less than $1,395,000.

## AS AND FOR A THIRD CAUSE OF ACTION
### (FOR BREACH OF CONTRACT AS AGAINST THIRD-PARTY DEFENDANT DAILEY)

288. Mr. Lowy repeats and realleges each allegation set forth i hereinbefore as if fully set forth herein.

289. The parties entered into agreements such as the Operating Agreement whereby both Dailey and Mr. Lowy agreed to, inter alia, operate WNT on an equal basis with each having equal access to all of its information, as well as the short-term $150,000 loan agreement.

290. Mr. Lowy performed all obligations on his part to be performed with regard to all agreements.

291. Dailey failed to abide by the terms of the agreements. Specifically, Dailey (1) failed to abide by the terms of the operating agreement, essentially operating WNT as if it were solely his own; and (2) refusing to repay Mr. Lowy in satisfaction of the short-term $150,000 loan.

292. Dailey's failure to abide by the terms of the agreements amounts to breaches thereof, which breaches damaged Mr. Lowy inasmuch as, inter alia: (1) the property is now in foreclosure; and (2) he was unable recover the $150,000.

293. By reason of the foregoing, Dailey is indebted to Mr. Lowy in an amount to be determined at trial, but in no event less than $1,395,000.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (FOR BREACH OF A FIDUCIARY DUTY AS AGAINST
## THIRD-PARTY DEFENDANT DAILEY)

294. Mr. Lowy repeats and realleges each allegation set forth hereinbefore as if fully set forth herein.

295. Dailey entered into a special relationship with Mr. Lowy that extended beyond a typical business relationship, inasmuch as, inter alia, Dailey and Mr. Lowy were co-managing members pursuant to the terms of the Operating Agreement.

296. By virtue of that relationship, Dailey owed a fiduciary duty to Mr. Lowy.

297. Dailey acted with total disregard and in contravention of the best interests of the Debtor and Mr. Lowy, which actions, *inter alia*, resulted in the encumbrance of the property by lenders and other creditors.

298. Dailey breached his fiduciary duty to Mr. Lowy by engaging in activities contrary to Mr. Lowy's and the Debtor's interests.

299. By virtue of said breaches, Mr. Lowy was damaged inasmuch as all of the funds Mr. Lowy transferred for the property are at risk of being entirely lost.

300. By reason of the foregoing, Mr. Lowy is entitled to judgment against Dailey in an amount to be determined at trial, but in no event less than $1,395,000, as well as such other and further punitive damages as this Court deems just, proper, and equitable.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (FOR CONVERSION AS
## AGAINST THIRD-PARTY DEFENDANT DAILEY)

301. Mr. Lowy repeats and realleges each allegation set forth hereinbefore as if fully set forth herein.

302. After receiving approximately no less than $1,395,000 from Mr. Lowy, Dailey wrongfully converted the majority of these funds for his own benefit.

303. Dailey's wrongful conversion interfered with Mr. Lowy's right to use and enjoy the funds, is substantial in nature, intentional in origin, and unreasonable in character.

304. By reason of Dailey's conversion, Mr. Lowy has been damaged and continues to be damaged in an amount no less than $1,395,000.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (FOR UNJUST ENRICHMENT AS
### AGAINST THIRD-PARTY DEFENDANT DAILEY)

305. Mr. Lowy repeats and realleges each allegation set forth hereinbefore as if fully set forth herein.

306. By virtue of the Dailey's misappropriation to himself of monies belonging to Mr. Lowy, Dailey has been unjustly enriched at the expense of and detriment to Mr. Lowy in an amount to be determined, but in no event less than $1,395,000.

307. Dailey benefited from his taking Mr. Lowy's money intended to be used for the property and failure to return to Mr. Lowy the amount he provided.

308. By reason of the foregoing, Dailey has been unjustly enriched at the expense of Mr. Lowy who has sustained damages in the amount he gave Dailey.

309. The amount of the unjust enrichment will be proven at trial and upon information and belief amounts to no less than $1,395,000.

WHEREFORE, Defendant/Third-Party Plaintiff Mr. Lowy demands judgment as follows:

A.    As to Plaintiff WebsterNT:

- Dismissing the Complaint in its totality;
- Awarding Defendant reasonable attorneys' fees and costs and expenses in connection with this action; and
- Granting such other and further relief as the Court may deem just and proper.

B.    As to Third-Party Defendant Dailey:

- Awarding of compensatory damages in the sum of no less than $1,395,000;
- Awarding punitive damages for Dailey's commission of fraud upon Mr. Lowy;
- Awarding the costs of this action together with reasonable attorneys' fees; and,
- Such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 15, 2025

ALLEN M. LOWY, ESQ.

By: _____

Attorney Pro Se for Defendant/Third-Party Plaintiff
One Columbus Place, S43E
New York, New York 10019
(917) 306-7600

TO:    SCOTT J. BOGUCKI, Esq.
43 Court Street
Attorney for Plaintiff
Suite 930
Buffalo, New York 14202
(716) 845-6446

RALPH DAILEY
19 Main Street, 2nd Fl
Tonawanda, New York 14150
(716) 316 2027

CLERK OF THE COURT

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS /Third Party Plaintiff |
|---|---|
| Webster NT LLC | Allen M. Lowy |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Scott J. Bogucki, Esq. 43 Court Street, Suite 930 Buffalo, N.Y. 14202 (716)845-6446 | Allen M. Lowy, Esq: Pro Se One Columbus Place, Suite 43E New York, N.Y. 10019 (917)306-7600 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor   ☐ Other | ☐ Creditor   ☑ Other |
| ☐ Trustee | ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Damages in connection with Breach of Fiduciary Duty and Fraud

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☑ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ Not less than $1,395,000 |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Webster NT LLC | BANKRUPTCY CASE NO.<br>1-24-11436-CLB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of New York | DIVISION OFFICE<br>Buffalo | NAME OF JUDGE<br>Carl L. Bucki |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Allen M. Lowy | DEFENDANT<br>Ralph Daiky | ADVERSARY<br>PROCEEDING NO.<br>1-25-01022 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Western District of New York | DIVISION OFFICE<br>Buffalo | NAME OF JUDGE<br>Carl L. Bucki |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Allen Lowy,* (Pro se) | | |
| DATE<br>June 16, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Allen M. Lowy, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# United States Bankruptcy Court

### WESTERN _____ District Of NEW YORK _____

| | | |
|---|---|---|
| In re  WebsterNT LLC _____ , | ) | Case No. 1-24-11436 _____ |
| Debtor | ) | |
| WebsterNT LLC _____ | ) | Chapter 11 _____ |
| Plaintiff | ) | |
| v. | ) | Adv. Proc. No.  1-25-01022-CLB _____ |
| Allen M. Lowy _____ | ) | |
| Defendant, Third-party plaintiff | ) | |
| v. | ) | |
| Ralph Dailey _____ | ) | |
| Third-party defendant | ) | |

## THIRD-PARTY SUMMONS

YOU ARE SUMMONED and required to file a motion or answer to the third-party complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the third-party complaint within 35 days.

Address of the clerk:
United Sates Bankruptcy Court
Western District of New York
Robert H. Jackson U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

At the same time, you must also serve a copy of the motion or answer upon the defendant's attorney.

Name and Address of Defendant's Attorney:
Allen M. Lowy, Esq., Pro Se
One Columbus Place
Suite S43E
New York, New York 10019
(917) 306-7600

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:
Scott J. Bogucki, Esq.
43 Court Street
Suite 930
Buffalo, New York 14202

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012. If you are also being served with a copy of the complaint of the plaintiff, you have the option of not answering the plaintiff's complaint **unless** this is an admiralty or maritime action subject to the provisions of Fed. R. Civ. P. 9(h) and 14(c), in which case you are required to file a motion or an answer to both the plaintiff's complaint and the third-party complaint, and to serve a copy of your motion or answer upon the appropriate parties.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE THIRD-PARTY COMPLAINT.**

_____ (Clerk of the Bankruptcy Court)

Date: _____     By: _____ (Deputy Clerk)